Malone v. Cemetery                          CV-94-339-B    06/08/95
                        UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW HAMPSHIRE

Steven E. Malone and John Cady

        v.                                      Civil No. 94-339-B

Cemetery Street Development, Inc.
and Raymond W. Godbout

                            **O R D E R**

        Plaintiffs, Steven Malone and John Cady, seek relief from
summary judgment granted on May 18, 1995, in favor of the
defendants on two counts of plaintiffs' complaint.  To prevail,
plaintiffs must show that they failed to respond to defendants'
motion within the time allowed due to excusable neglect.  Fed. R.
Civ. P. 6(b)(2).

        Defendants filed their motion for summary judgment on April
24, 1995.  Plaintiffs were obligated to respond no later than May
15.  Summary judgment was granted in favor of the defendants on
May 18.  Plaintiffs filed their motion for enlargement of time,
to reconsider summary judgment, and their objection to
defendants' motion for summary judgment on May 19.

        Plaintiffs argue that their late filing was due to
excusable neglect because defendants answered their
interrogatories on May 15, the day that their response was due.
They imply that they were waiting for defendants' answers in

order to respond to defendants' motion.  They have not explained, however, why they were unable to file either a motion for enlargement of time within the time allowed or a timely objection to the motion premised on Fed. R. Civ. P. 56(f).  Nor have they shown what information they anticipated from the interrogatories that required delaying their objection.  In fact, I find no reference in plaintiffs' late-filed objection to defendants' interrogatory answers.

Tactical decisions about whether or when to file necessary and available materials are not excusable neglect.  See Slaughter v. Southern Talc Co., 919 F.2d 304, 307 (5th Cir. 1990).  Because the plaintiffs have failed to make an affirmative showing of excusable neglect, I decline to accept their late-filed materials.  Lujan v. National Wildlife Fed'n, 497 U.S. 871, 894-98 (1990).

Even if plaintiffs could show excusable neglect to justify their late objection, however, I conclude that summary judgment was properly granted.  Plaintiffs object to summary judgment only as to count II, intentional misrepresentation, not count VI, breach of the implied duty of good faith and fair dealing.  In support of their misrepresentation claim, plaintiffs argue that the defendants' intentional effort to cause them to perform

2

services without pay may be inferred from the sequence of events. Plaintiffs recite the dealings among the parties, supported by Malone's affidavit, that show that they intended to form a joint venture that never materialized and that they performed some services in furtherance of the parties' joint effort in anticipation of payment. Plaintiffs' facts show no more than disappointed expectations and a business deal that did not work out. Although intent may be inferred from circumstantial evidence, see, e.g., FDIC v. Elio, 39 F.3d 1239, 1245 (1st Cir. 1994), the circumstances recited, even if undisputed, do not support a reasonable inference that the defendants intended to mislead the plaintiffs.

## CONCLUSION

For the foregoing reasons plaintiffs' motions for enlargement of time, to reconsider, and objection to summary judgment (document nos. 32 and 33) are denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

June 8, 1995
cc: Frank Spinella, Esq.
    Jonathan Flagg, Esq.

3